United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL A JOSEPH, | No. C-14-02200 DMR |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| PATRICK R DONAHOE, *et al.*, | |
| Defendant. | |
| _____/ | |

    Plaintiff Rafael A. Joseph filed a Complaint and an application for leave to proceed *in forma pauperis* ("IFP") on May 13, 2014. [Docket Nos. 1, 2.] On July 9, 2014, the court granted the application to proceed IFP and dismissed the Complaint with leave to amend. [Docket No. 5.] The court ordered Plaintiff to file an amended complaint by no later than July 25, 2014.

    Plaintiff timely filed an amended complaint. [Docket No. 6 (Am. Compl.).] In his amended complaint, Plaintiff again brings claims for 1) conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. § 1985(3) by Defendants United States Postal Service (USPS), the San Francisco local chapter of the American Postal Workers Union (APWU), and the United States Office of Personnel Management (OPM); 2) breach of the duty of fair representation by Defendant APWU, pursuant to 29 U.S.C. § 158(b)(2); and 3) breach of contract against Defendant USPS. He also brings a new claim for breach of fiduciary duty against Defendant APWU. As to the first three claims, the court has carefully reviewed Plaintiff's amended complaint and finds that Plaintiff has

not remedied the deficiencies identified in the court's order dismissing the Complaint. For example, as to the Section 1985(3) claim, Plaintiff still has not alleged facts that would plausibly support his conclusory allegation that he was discriminated against on the basis of race, gender, or national origin. As to the duty of fair representation claim, the provision cited by Plaintiff, 29 U.S.C. § 158(b)(2), applies only where a union attempts to cause an employer to discriminate against an employee for the purpose of encouraging or discouraging membership in a union, or where a union discriminates against an employee who has been denied membership in a union or whose membership has been terminated. Plaintiff has not alleged any discriminatory acts that would meet the requirements of 29 U.S.C. § 158(b)(2). Finally, as to the breach of contract claim, Plaintiff has failed to plead facts that plausibly suggest Defendant USPS breached its employment agreement with Plaintiff in failing to offer him severance pay when he resigned from his employment.

As to Plaintiff's amended breach of fiduciary duty claim against Defendant APWU, Plaintiff now cites to 5 U.S.C. § 2301(b)(2). This is a provision of the Civil Service Reform Act of 1978 ("CSRA") which provides that "[a]ll employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition." According to Plaintiff, he made his retirement and health benefits choices based on the "misleading and erroneous and non-information" he received from OPM, APWU, and USPS. (Am. Compl. 8.) As with his Section 1985(3) claim, Plaintiff does not allege facts that plausibly support the allegation that Defendants discriminated against him on the basis of his race, gender, or national origin. Moreover, there is no implied private right of action under the CSRA to enforce the "merit system principles" in 5 U.S.C. § 2301. *See Schrachta v. Curtis*, 752 F.2d 1257, 1260 (7th Cir. 1985). Accordingly, Plaintiff cannot state a claim based on 5 U.S.C. § 2301(b)(2).

"[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Such is the case here. The court granted Plaintiff the opportunity to amend his Complaint to address its deficiencies, which he failed

1  to do.  As to his new claim, the court concludes that amendment would be futile.  Accordingly, this
2  action is dismissed with prejudice.[1]

IT IS SO ORDERED.

Dated: August 14, 2014



_____
DONNA M. RYU
United States Magistrate Judge

_____

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).  However, in cases such as this one, where the plaintiff has consented but not served the defendant, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'"  *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).